**Opinion issued August 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00619-CV

———————————

**DARRELL J. HARPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-74062**

---

## MEMORANDUM OPINION

Appellant, Darrell J. Harper, proceeding *pro se* and incarcerated, appeals from

the trial court's order dismissing his civil rights petition for want of prosecution. We

affirm and dismiss all motions as moot.

Harper filed a *pro se* complaint in the trial court against The State of Texas and Donald P. Morehart for malice in law and denial of effective assistance of counsel, following his criminal prosecution by The State of Texas. Because no answer had been filed, the trial court notified Harper that his complaint was eligible for dismissal for want of prosecution unless Harper timely complied with that notice. The trial court dismissed Harper's complaint for want of prosecution for his failure to timely comply with the prior notice and Harper timely filed a notice of appeal, which was assigned to this Court.

Harper filed an affidavit of indigence and a premature *pro se* appellant's brief in this Court. On November 24, 2015, this Court deemed Harper indigent for appellate costs purposes after no timely contest to his affidavit of indigence was filed in the trial court. However, this Court's order also sua sponte struck Harper's appellant's brief as premature because it did not contain any references or citations to the clerk's record, which had been recently filed in this Court.

After Harper filed a *pro se* amended appellant's brief in this Court on December 23, 2015, that was only one-page long with two paragraphs, this Court struck that amended brief on February 18, 2016, for Harper's failure to comply with Texas Rule of Appellate Procedure 38.1 or this Court's prior order. This Court also ordered Harper to redraw his brief within forty days or face dismissal of his appeal. Because Harper is a *pro se* inmate who this Court had deemed indigent for appellate

costs purposes, and apparently had not yet received the clerk's record, this Court further ordered the trial clerk to mail a copy of it to Harper.

On March 18, 2016, Harper filed a second *pro se* amended appellant's brief in this Court that was only three pages long and without any citations to the clerk's record or legal authority. The trial clerk filed confirmation of delivery in this Court that Harper received the clerk's record after he filed this second amended brief. Thus, this Court's April 26, 2016 order struck the second amended brief, for Harper's failure to comply with Texas Rule of Appellate Procedure 38.1 or this Court's prior orders, and ordered it redrawn with citations to the record and legal authorities.

On May 4, 2016, Harper filed a third *pro se* amended brief that was twelve pages long with two issues and two authorities listed in his index of authorities, but the argument section of his brief had no citations to those authorities, to the record, case law, or legal authorities. Harper filed a motion for default judgment in this Court because no appellee's brief had been filed.

On June 23, 2016, the Harris County Attorney's Office ("HCAO") filed a notice of non-representation in this Court on behalf of the appellee, The State of Texas. The HCAO noted that Harper had apparently never properly served the State or Harris County with his complaint in the trial court because no defendants appeared or answered there. Furthermore, the HCAO contended that, after the Clerk of this

Court had forwarded Harper's affidavit of indigence to the trial court, the HCAO was mistakenly listed as the State's counsel in this Court.[1] Harper filed an objection to the HCAO's notice in this Court.

Harper, at no time pending submission of this appeal, complied with this Court's three orders to file a brief that complies with Texas Rule of Appellate Procedure 38.1(i).

## ANALYSIS

Harper contends that the trial court erred in dismissing his appeal. However, Harper's inadequate briefing waives this alleged error on appeal. Harper has not provided a single citation to the clerk's record or any legal authorities in his third amended brief. Rule 38.1(i) requires a brief's argument section to contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "We are to construe the appellate rules liberally, but neither this Court nor any other is under a duty to make an independent search of the record to determine whether an assertion of error is valid." *Borisov v. Keels*, No. 01–15–00522–CV, 2016 WL 3022603, at *1 (Tex. App.—Houston [1st

---

[1] The Clerk of this Court mistakenly listed the HCAO as the State's counsel because there is no duty for an appellee to respond to an appellant's brief and the Clerk may set a case for submission on appellant's brief alone. *Cf.* TEX. R. APP. P. 38.8(a) (listing options for appellate court if appellant fails to timely file a brief); 39.6 (if only one party has filed a brief, the court may allow that party to argue), 39.8(a) (stating Clerk must send notice of whether court will allow argument or submission without argument).

Dist.] May 26, 2016, no pet. h.) (mem. op.) (citations omitted) (affirming trial court's dismissal of suit after finding that appellate brief had failed to comply with Texas Rule of Appellate Procedure 38.1). "This Court has discretion to find that error is waived based on inadequate briefing, and it is not necessary to afford an appellant an opportunity to rebrief." *Borisov*, 2016 WL 3022603, at *1. (citations omitted). "Adequate briefing includes proper citation to the record, and courts have found error waived based on a failure to provide citations to the record." *Id.* (citations omitted).

Harper's third amended brief's argument does not include any citations to either the clerk's record or any legal authorities. Although this Court was not required to afford Harper an opportunity to rebrief, we did so three times. *See Borisov*, 2016 WL 3022603, at *2 (citation omitted). Nevertheless, Harper did not avail himself of these opportunities and did not attempt to file a brief in compliance with Texas Rule of Appellate Procedure 38.1(i), and thus, he has waived his appellate issues by his failure to brief them adequately. *See id.*

We overrule Harper's issues on appeal.

## CONCLUSION

Accordingly, we affirm the trial court's order. We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.